Suit by D. Byron King against J.E. Pace, as City Auditor of the City of Jacksonville, and City of Jacksonville, a municipal corporation, for a declaration of plaintiff's rights, powers, and duties as special *Page 824 
attorney to the city council. From an adverse decree defendants appeal.
Decree affirmed.
The history of this case is that the City Council of Jacksonville passed Ordinance BB-21, creating the position held by the plaintiff-appellee, which ordinance was brought into question by the Auditor of the City of Jacksonville. Whereupon the appellee, as plaintiff, brought his bill for a declaratory decree. The appellants answered the bill and, upon plaintiff's motion for a decree on bill and answer, the chancellor entered a final decree, which decree the defendants have appealed.
The plaintiff by his bill sought a declaration of his rights, powers and duties as such Special Attorney, alleging in substance:
That plaintiff is an attorney and the defendant, J.E. Pace, is the City Auditor of the City of Jacksonville; that on August 26, 1947, the City Council of the defendant city passed Ordinance No. BB-21;[1] that said ordinance is valid, and that by virtue of his employment pursuant to such ordinance plaintiff is entitled to enjoy the benefits and salary of such Special Attorney; that because of the position taken by the City Auditor plaintiff is entitled to have the validity of such ordinance and his status and rights as such Special Attorney judicially determined.
The answer of the defendants admits the passage, approval and publication of the ordinance, the attempted "election" of the plaintiff, and his taking a purported oath of office; the resolution fixing the salary of the Special Attorney; the refusal of the City Auditor to sign such salary vouchers; and plaintiff's right to a declaration of rights.
Defendants' answer denies: That the ordinance became a law of the City; that the election of plaintiff and the fixing of the salary of the Special Attorney were effective for any purpose; or that plaintiff is entitled to exercise and enjoy such prerogatives, rights, benefits and salary as such Special Attorney.
The defendants' answer also alleges that said ordinance was invalid, void and of no effect, and sets up the following specific grounds of invalidity of said ordinance and action taken pursuant thereto:
(1) That the City Council had made no appropriation for the payment of any salary *Page 825 
under said ordinance prior to January 1, 1948, as required by Section 7, Chapter 16493, Sp.Acts of 1933.
(2) That Ordinance BB-21 is in conflict with the following statutory provisions governing the City of Jacksonville, towit:
"Sec. 10. Appointment of Officers and Employees. — The City Commission shall have the exclusive power to employ such chiefs and heads of departments, foremen, engineers, clerks, superintendents, employees and laborers as it may deem necessary for the performance of its duties, and fix their compensation; and shall also elect all city officers not elected by the qualified electors, excepting only the trustees of the Jacksonville free public library, the members of the Board of Charities, the City Auditor, the City Attorney, and members of the police force. The City Commission shall have charge and control of the inspection of buildings, plumbing and electrical wiring and fixtures."
"Sec. 16. City Attorney. — The City Attorney shall be appointed by the City Commission, and shall be confirmed by the City Council at the time, in the manner, and for the term now provided by law. His duties shall be the same as now provided by law, and such as may be prescribed by ordinance."
Sections 10 and 16, Ch. 7659, Sp.Acts of 1917
And is likewise in conflict with Chapter. 23364, Sp.Acts of 1945, providing for and creating the office of City Attorney of the City of Jacksonville, to be filled by the "appointment or election of the City Commission," fixing his term of office, providing for his salary, "prohibiting him from employing any outside attorney or counsel without the specific approval of the City Commission of the City of Jacksonville in each case, and providing for his election and for the appointment of all of his assistants by the City Commission of the City of Jacksonville."
(3) That the powers of the City Council are fixed by Section 3 of Article III of Chapter 3775, Acts of 1887, and such section fails to grant the Council any authority to pass the Ordinance BB-21 and also that said ordinance is in conflict with the following provisions thereof;
"Mayor and City Council shall have power and are hereby authorized to create such offices and provide by ordinance for the appointment or election of all such officers as may be necessary for the good government of the city (not in conflict with nor to interfere with the duties of officers and appointees provided for in this act), whose compensation and terms of service shall be fixed before their election, and the compensation shall not be increased or diminished during their term of office. The Mayor and City Council shall have power to abolish at any time any office created by them, and to discharge any officer elected or appointed by them except as herein otherwise provided; but shall not abolish any office created under this act. All elections by the City Council shall be viva voce on the call of the roll. All officers created by this act, or created by city ordinance and appointees of the Board of Public Works, shall be required to give such bond as the Mayor and City Council may by ordinance provide; and the Board of Public Works may demand of its employees, appointees and artisans such bond as it shall deem fit in case there is no ordinance of the Mayor and City Council requiring such bond. No councilman shall be eligible to any other city office.
"Every officer before entering upon the duties of his office shall take oath to faithfully and impartially perform the same."
Section 3, Art. III, Chapter 3775, Acts of 1887
The chancellor's final decree adjudged that:
(1) Ordinance BB-21 did not create an office, and that it only provides for an employment.
(2) That the employment was without the civil service provision of Chapter 16866, Acts of 1935.
(3) That the choosing of one to fill the position as provided for by the ordinance was a selection of an employee and not an election of an officer.
(4) That "Ordinance BB-21 of the City of Jacksonville is valid and that the plaintiff *Page 826 
is entitled to exercise the prerogatives and enjoy the rights and benefits accruing by virtue of his appointment as Special Attorney for the City Council, including the right to receive the salary provided therefor to the extent that appropriations have or shall be made to pay such salary and that the defendant, J.E. Pace, as City Auditor of the City of Jacksonville, be and he is hereby enjoined and restrained from declining to sign any vouchers for services rendered by plaintiff upon the ground that Ordinance BB-21 is invalid."
The chancellor held that the plaintiff was an employee and not an officer and in this holding we find no error. See State ex rel. Dresskell v. City of Miami, 153 Fla. 90, 13 So.2d 707; Glendinning v. Curry, 153 Fla. 398, 14 So.2d 794. An office carries with it the power to exercise authority of a governmental nature, rather than perform services for an office or officer. The plaintiff's position is clearly of the latter class, i.e., service for those who hold office.
The passage of Ordinance BB-21 will in no wise interfere with the City Attorney's discharging his duties to the City as its attorney in representing the City as its agent in that capacity; neither does the ordinance interfere with the City Attorney's advising with the officers and employees in respect to the internal operational functions of the City. The City Attorney has the same privileges, powers and duties as before the passage of the ordinance. Ordinance BB-21 in no wise purports to authorize the appointee thereunder to act as agent for the City in its external or internal affairs. His duties as provided by the ordinance are only to advise with and serve the Council.
As to Jacksonville, Chapter 3775 provides:
"Section 1. The legislative power of the said corporation shall be exercised by a City Council."
Art. III of Ch. 3775, Acts 1887
And that:
"Section 2. The City Council shall have power to provide for the appointment of such other employees as may from time to time be necessary for the public service of the city, not inconsistent with the provisions of this act."
Section 2, Art. III, Ch. 3775, (Acts 1887)
When a city council is authorized, empowered and charged with the duty of discharging certain functions, it follows that such council may exercise such power as within it vested to better accomplish the discharge of its functions.
The legislative power of the City of Jacksonville is vested in the City Council and the Council is authorized to "provide for the appointment of such other employees as may from time to time be necessary for the public service of the City"; hence it follows that the Council had authority to exercise its legislative power in providing for the employment of an attorney to aid it in the discharge of its duties and powers, both by implication and by reason of the express provisions.
Appellant's brief states:
"The action of the lower court in * * * holding the defendants' answer not amendable has prevented presentation of the defenses that there is no valid contract * * * and that the plaintiff failed to perform the work as a servant or the services required by his contract." "It is submitted that the Circuit Court committed a grave error in so entering its final decree * * * and in preventing any defense on the theory adopted by the court."
The chancellor by his final decree held that the answer "is not amendable."
Doubtless the chancellor had in mind the following:
63.40 Motion for decree on bill and answer
"The plaintiff may, within ten days after the filing of the answer, or within such further time as the court may allow, move for a decree on bill and answer, and if the motion be overruled the plaintiff shall have the right to proceed to trial, notwithstanding the motion or order thereon and, if the answer be found insufficient as a defense, but amendable, the court may permit it to be amended on such terms and conditions as may be equitable." *Page 827 
Sections 63.40, F.S. 1941, F.S.A.
The proceedings were for a "declaratory decree" simply to adjudicate the status of plaintiff under the facts, law and circumstances. The proceedings were as much inquisitorial as accusatorial. Once plaintiff makes out a case entitling him to a decree declaratory of his status, the matter of defense is not so much involved as are facts which relate to a true and correct judicial determination of the status of the parties relative to the subject matter involved.
Had it been made to appear to the chancellor that an amended answer presenting new matter would affect the equities, then it would have been his duty to allow the defendant an opportunity to plead the relevant and material matter going to a correct determination of plaintiff's status. See Section 63.40, supra. Such, however, was not the case. The defendant did not make any representations to the chancellor that other material facts might be presented relevant to the subject matter, neither has he presented anything to this Court suggesting that an answer could be made which would result in a decree different from the one rendered, nor did he seek a rehearing on the issues as made before the chancellor after the entry of the final decree.
The question as to whether or not the answer is amendable seems to be a moot one.
"Appellate courts determine only matters actually before them on appeal, and no others, and will not give opinions upon controversies or declare principles of law which cannot have any practical effect in settling the rights of the litigants. They consider only those questions that are necessary for the decision of the case and do not attempt further `to lay down "a rule of guidance or precedent to the bench and bar of the state."' Questions not directly involved in an appeal, or not necessary or relevant to, or material in, the final determination of the cause, will not be considered or decided by an appellate court, unless, it has been held, they are affected with a public interest or are of moment to the profession, or unless some useful result will follow decision. Thus, abstract, moot, academic, or hypothetical questions will not be considered or decided, unless, according to some decisions, it is clear that the litigation will be advanced by such consideration, or the question is one of great public interest, or is likely to recur; nor will trivial or unimportant objections or questions, not affecting the parties' substantial rights, be considered * * *."
5 C.J.S., Appeal and Error, § 1455(a), pp. 36-44.
Chapter 16866, Acts of 1935, which provides for civil service for the City of Jacksonville, seems to support the chancellor in his holding that the plaintiff was not within the civil service, which act provides:
"Section 3. The Civil Service of the city is hereby divided into the unclassified and classified service.
"The unclassified service shall comprise:
"(d) Practicing attorneys-at-law retained or employed by the city.
"(e) Persons of highly technical or professional training maintaining an independent practice in their chosen profession and employed on part time basis by the city.
"The unclassified service above set forth is hereby expressly excepted from the provisions of this Act."
Sections 3(d) (e), Chapter 16866, Acts of 1935.
The decree appealed is affirmed.
ADAMS, C.J., and THOMAS and HOBSON, JJ., concur.
[1] "An ordinance to provide for the appointment of a Special Attorney to the City Council, fixing his qualifications, term of office or employment, compensation and duties.
"Whereas, the City Council of the City of Jacksonville is charged with many and manifold legislative functions, and
"Whereas, the City Council of the City of Jacksonville is charged with the preparation of the City budget, many operations of the City, and the levying of the taxes, and
"Whereas, the City Council of the City of Jacksonville deems it advisable and necessary to employ and appoint a Special Attorney for the City Council to advise and counsel with it regarding its many and manifold duties.
"Be it ordained by the Mayor and City Council of the City of Jacksonville:
"Section 1. The City Council of the City of Jacksonville shall elect annually, at its first meeting in August of each year or as soon thereafter as practicable, a Special Attorney for the City Council, who shall be a practicing attorney at law, and he shall be elected for the term of one year and his salary to be fixed by the City Council is not to exceed the sum of Thirty-Six Hundred Dollars per year, payable in semi-monthly installments.
"Section 2. The Special Attorney shall assist and advise the City Council, any of its committees, or any of its members in regard to legal questions as to its or their respective duties as City Council, committee of the Council, or as a member of the City Council and such other or further duties as the City Council may from time to time designate.
"Section 3. The Special Attorney before entering upon the duties of his office shall take oath to faithfully and impartially perform the same.
"Section 4. All ordinances and parts of ordinances in conflict herewith, are to the extent of such conflict, hereby repealed." *Page 828