Betty Castor Director Division of Elections Tallahassee
QUESTIONS:
1. How should the term `subordinate personnel,' as used in Ch. 79-391, Laws of Florida, an act relating to campaigns, exempting certain persons from the resigh-to-run requirement, be defined?
2. Does this amendment to s. 99.012, F. S., require a public school teacher to resign if he or she becomes a candidate for either school superintendent or the district school board?
3. If the answer to question 2 is in the negative, must the public school teacher take a leave of absence?
4. Should the leave of absence of covered officers begin on the date the candidate qualifies under Ch. 99, F. S., or the date he or she becomes a candidate pursuant to s. 97.021(18), F. S.?
SUMMARY:
Until judicially or legislatively determined otherwise, I am of the opinion that the term `subordinate personnel' as used in Ch. 79-391, Laws of Florida, refers to an appointed officer who is under the control and supervision of another who is his superior; that neither the Resign-to-Run Law nor its 1979 amendment applies to a school teacher who seeks to qualify as a candidate for either the district school board or school superintendent; and that the leaves of absence without pay which certain officers are required to take under the provisions of Ch. 79-391 should begin on the day they qualify for election to other offices the terms of which run concurrently with or overlap the terms of the offices they currently hold.
Florida's Resign-to-Run Law is said to serve two purposes: To prevent an officeholder from using the power and prestige of one office to seek another and to spare the taxpayer the expense of having to finance a special election when an incumbent officeholder is elected to another office and is, therefore, compelled to resign from the one he or she currently holds. See
the preamble to Ch. 70-80, Laws of Florida. It accomplishes these purposes by requiring any person who holds an elective or appointive office and who seeks to be elected to another publicoffice, the term of which overlaps or runs concurrently with the term of the office which he currently holds, to submit an irrevocable letter of prospective resignation prior to qualifying for election, which resignation shall be effective regardless of whether the candidate is elected to such office. Section 99.012(2) and (3), F. S. A copy of the prospective resignation is presented to the Department of State, but otherwise the Division of Elections has no responsibilities or duties imposed by the law itself. See State ex rel. Shevin v. Stone, 279 So.2d 17 (Fla. 1972).
In your letter to me, you indicate that your office has received several inquiries concerning the meaning of the recent amendment to the Resign-to-Run Law, Ch. 79-391, Laws of Florida. It is these inquiries that have prompted you to seek my opinion as to the above questions. Cf. s. 106.23(2), F. S. Because of the extent of the controversy surrounding this amendment, as well as the importance of the law itself, it is appropriate that I exercise my authority to issue my legal opinion on these matters.
Chapter 79-391, Laws of Florida, about which you inquire, amends s. 99.012, F. S., by providing a new subsection (7) which reads:
 For the purposes of this section no individual who is a subordinate personnel, deputy sheriff, or police officer need resign pursuant to subsection (2) or (3) unless such individual is seeking to qualify for a public office which is currently held by an individual who has the authority to appoint, employ, promote, or otherwise supervise that subordinate personnel, deputy sheriff, or police officer and who has qualified as a candidate for reelection to that public office, provided that any such personnel, deputy sheriff, police officer or other such individual shall take a leave of absence without pay from his employment during the period in which he is seeking election to public office. (Emphasis supplied.)
AS TO QUESTION 1:
In your first question, you inquire how the term `subordinate personnel,' as used in the above-quoted amendment to Ch. 99, F. S., should be defined. That term is not used any other place in the Election Code, and I have not been able to find any reference to or definition of it in the Florida Statutes. Neither am I aware of any judicial decisions defining that term. Consequently, any comments I make are without benefit of precedent and necessarily are subject to judicial or legislative clarification.
In attempting to provide a definition for the term `subordinate personnel,' it must be kept in mind that the term appears in an amendment to the Resign-to-Run Law and, therefore, that it must be defined within the parameters of the law of which it is a part. Thus, while it could be said that a subordinate personnel is anyemployee who is subject to the authority of another, such a definition would be inappropriate when viewed in light of the Resign-to-Run Law because that law relates only to officers and does not apply to mere employees. (The distinction between an officer and an employee is an important one. Generally speaking, an officer is one to whom some portion of the sovereign power has been delegated, while an employee has not been delegated any part of the sovereign power. See, e.g., State v. Sheats, 83 So. 508
(Fla. 1919); State ex rel. Gibbs v. Martens, 193 So. 835 (Fla. 1940); Pace v. King, 38 So.2d 823 (Fla. 1949); and AGO 077-31 and the cases and opinions cited therein.) Consequently, a `subordinate personnel' must be an officer who otherwise would be required by the terms of the Resign-to-Run Law to resign from his current office when seeking to be elected to another. Such a meaning comports with the amendment's title, which states that it `exempt[s] certain persons from the requirement to resign. . . .' The only persons capable of being exempted are those already required to resign — that is, officers seeking election to other offices, the terms of which run concurrently with or overlap the terms of the office they currently hold.
The term `subordinate personnel' implies that the officer referred to is in a position subordinate to that of another or that he is in a position which is subject to the control and supervision of another person who is his superior. The Resign-to-Run Law applies to two classes of officers — elected and appointed. An elected officer, of course, is responsible only to those who have elected him and, in my opinion, could not be considered subordinate in any but the loosest sense. It would seem, therefore, that an elected officer is not a `subordinate personnel' within the meaning of Ch. 79-391, Laws of Florida. Appointed officers, on the other hand, may be considered to be subordinate personnel if they are subject to the control and supervision of another and are not acting independently pursuant to their own power. Whether a particular appointed officer is a `subordinate personnel' would have to be determined on the basis of an analysis of the statutory provision conferring his power. Beyond these basic considerations, I cannot say what the Legislature intended when it provided this exemption from the Resign-to-Run requirements for subordinate personnel.
AS TO QUESTIONS 2 AND 3:
Both your second and third questions concern the applicability of Ch. 79-391, Laws of Florida, to a public school teacher who seeks to become a candidate for the district school board or for school superintendent. As I stated in the discussion to question 1, the 1979 amendment to s. 99.012, F. S., does not apply to anyone who would not otherwise have to resign under either subsection (2) or subsection (3) of that section. Since those subsections require only elected or appointed officers to resign, the amendment goes no further. To my knowledge, public school teachers have never been held to be officers subject to the Resign-to-Run Law. See DE 077-28 (December 2, 1978), in which your office stated that a public school teacher is not a public officer within the meaning of the Resign-to-Run Law. Consequently, neither the Resign-to-Run Law nor its 1979 amendment applies to public school teachers. Public school teachers wishing to qualify for public office should be cautioned, however, that the personnel rules of the local school district must be consulted for any relevant local requirements. Cf. ss. 104.31(1) and (3) and 110.092(4), F. S., and Rule 6C-5.15, F.A.C.
AS TO QUESTION 4:
In your final inquiry, you ask when the leave of absence without pay which certain officers are required to take by the provisions of Ch. 79-391, Laws of Florida, should commence. Again, I must note that the term used in the statute — `during the period in which he is seeking election to public office' — is not defined in the law itself. Consequently, I cannot give a conclusive answer, and my opinion is subject to both judicial and legislative clarification. I must also note that this last clause in which the proviso language relating to the leave of absence is located was added by amendment just before the bill was passed by the house. The title of the bill was never amended to reflect this last-minute change. See House Journal, p. 663 (May 22, 1979).
As you pointed out in your letter, s. 97.021(18), F. S., defines `candidate' for purposes of the Election Code. Your question is whether an officer who takes a leave of absence must begin that leave of absence when he becomes a `candidate' pursuant to s.97.021(18), or whether the leave of absence should commence only after an officer qualifies as a candidate pursuant to Ch. 99, F. S. Chapter 79-391, Laws of Florida, is an amendment to the Resign-to-Run Law. It provides an exemption to certain officers who otherwise would be required by that law to resign their offices in order to qualify for another. See, e.g., the operative subsections (1), (2), and (6) of s. 99.012, which begin, `[n]o individual may qualify as a candidate . . . .' (Emphasis supplied.) Since Ch. 79-391 is an amendment to the Resign-to-Run Law, and because it provides an exemption therefrom for designated officers, its application should be no broader than that of the law itself. Consequently, it is my opinion that a subordinate personnel, deputy sheriff, or police officer who takes a leave of absence without pay should begin his leave on the day on which he qualifies for another office the term of which overlaps or runs concurrently with that of the office he currently holds.
In summary, until judicially or legislatively determined otherwise, I am of the opinion that the term `subordinate personnel' as used in Ch. 79-391, Laws of Florida, refers to an appointed officer who is under the control and supervision of another who is his superior; that neither the Resign-to-Run Law nor its 1979 amendment applies to a school teacher who seeks to qualify as a candidate for either the district school board or school superintendent; and that the leaves of absence without pay which certain officers are required to take under the provisions of Ch. 79-391 should begin on the day they qualify for election to other offices the terms of which run concurrently with or overlap the terms of the offices they currently hold.
Prepared by:
Percy W. Mallison, Jr. Assistant Attorney General