George F. Knox, Jr. City Attorney Miami
QUESTION:
May a member of an appointive board or authority exempt himself from the requirements of the Resign-to-Run Law by forfeiting his compensation?
SUMMARY:
A member of the City of Miami Zoning Board, assuming such a member to be an officer within the meaning of the Resign-to-Run Law, may not, by forfeiting the salary which is provided his office by ordinance, avail himself of the exception provided in s.99.012(5), F. S., and thereby qualify for election to another public office without complying with the resign-to-run requirements of s. 99.012(2) and (3).
Florida's Resign-to-Run Law, s. 99.012, F. S., requires any elected or appointed officer who desires to seek election to another public office, the term of which runs concurrently with or overlaps the term of the office he currently holds, to resign from the office he presently holds before he can qualify as a candidate for the other office. As an exception to the requirements of the Resign-to-Run Law, subsection (5) provides that `[n]o person whoserves as a member of any appointive board or authority withoutsalary shall be in violation of this section by reason of holding any such office.' (Emphasis supplied.)
According to your letter, members of the City of Miami Zoning Board, pursuant to ordinance, receive compensation of $100 per month plus certain expenses for serving as members of the board. You do not state, but I assume, that the board members are appointed to their offices. I also assume for purposes of this opinion, although you did not provide sufficient factual data for me to make a determination, that a member of the Miami Zoning Board is an officer subject to the provisions of the Resign-to-Run Law. That law applies only to elected or appointed officers and does not apply to mere employees. Generally speaking, an officer is one to whom some portion of the sovereign power has been delegated, while an employee has not been delegated any part of the sovereign power. See, e.g., State v. Sheats, 83 So. 508 (Fla. 1919); State ex rel. Gibbs v. Martens, 193 So. 835 (Fla. 1940); Pace v. King, 38 So.2d 823 (Fla. 1949); and AGO 077-31 and the cases and opinions cited therein. Your question concerns whether such a board member may come within the above exception to the Resign-to-Run Law by forfeiting his or her salary. For the following reasons, I conclude that a member of an appointive board or authority may not become subject to the statutory exception by forfeiting his or her salary.
In construing the meaning of a statute, the primary purpose is to give effect to the intention of the Legislature. People's Bank of Jacksonville v. Arbuckle, 90 So. 458 (Fla. 1921), and City of St. Petersburg v. Diebold, 48 So.2d 291 (Fla. 1950). Resort is had first to the language of the statute itself. In this situation, however, the statutory language is inconclusive. It refers only to a person `who serves . . . without salary' and does not address the issue of whether the Legislature intended that a voluntary forfeiture of a legally provided salary be equivalent, for purposes of the exception granted, to an unsalaried office. When the language itself is unclear, the legislative history may be consulted for the purpose of determining the legislative intent. However, in this case, the legislative history does not shed any light on the intention of the drafters. Subsection (5) of s.99.012, F. S., originated as a Senate amendment to House Bill 28-C in the final days of the 1971 Special Session. The bill to which it was added dealt with regional transportation authorities. That bill provided that members of such authorities would serve without salary and that membership would not constitute a violation of the Resign-to-Run Law. See Ch. 71-393, Laws of Florida. The Senate amendment, which provided the exception now found in s. 99.012(5), apparently was intended to extend the exception granted to transportation authority members to members of any appointed board or authority who serve without salary. Again, however, there is nothing in the legislative history to indicate whether the intention was to allow salaried officers to take advantage of the exception by forfeiting their salaries.
While it is not possible to determine the legislative intent with respect to the specific question you have posed, there are several general rules of statutory construction which are applicable in the present situation. Generally speaking, exceptions to statutory prohibitions are strictly construed against the one attempting to avail himself of the exception. Coe v. Broward County,327 So.2d 69 (4 D.C.A. Fla., 1976), aff'd, 341 So.2d 762, and State v. Nourse, 340 So.2d 966 (3 D.C.A. Fla., 1976). The right to the exception must be readily apparent in the statute and may not be found by implication or inference. Williams v. American Surety Co. of New York, 99 So.2d 877 (2 D.C.A. Fla., 1958). Since subsection (5) of s. 99.012, F. S., is an exception to a statutory prohibition, these rules are relevant in construing that provision. Applying those rules to the question at hand, I can only conclude that a member of an appointive board or authority may not, by forfeiting his salary, bring himself within the exception of s. 99.012(5). As I noted above, such an exception is not readily apparent from the language of the statute itself, and, given the rule that such exceptions are to be strictly construed, it should not be found by implication. A contrary interpretation would serve to broaden the exception and would allow a member of any appointive board or authority to circumvent the purpose of the Resign-to-Run Law merely by foregoing his salary while seeking election to another office. It is not within the province of this office to broaden the effect of s. 99.012(5) in such a fashion.
In summary, I am of the opinion that a member of the City of Miami Zoning Board, assuming such a member to be an officer within the meaning of the Resign-to-Run Law, may not, by forfeiting the salary which is provided his office by ordinance, avail himself of the exception provided in s. 99.012(5), F. S., and thereby qualify for election to another public office without complying with the resign-to-run requirements of s. 99.012(2) and (3).
Prepared by:
Percy W. Mallison, Jr. Assistant Attorney General