714 So.2d 1130 (1998)
MARINER CAY PROPERTY OWNERS ASSOCIATION, INC., a not-for-profit Florida corporation, Appellant,
v.
TOPSIDE MARINA, INC., a Florida corporation, as successor in interest to Lee A. Ray and Nancy J. Ray, his wife, Martin County, a political subdivision of the State of Florida, Charles F. Kehoe and Phyllis Kehoe, his wife, Appellees.
No. 97-2811.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
Steven L. Perry of Steven L. Perry, P.A., Stuart, for appellant.
*1131 John W. Madden of Jones & Madden, Stuart, for appellee Topside Marina, Inc.
POLEN, Judge.
Mariner Cay Property Owners Association, Inc. ("Mariner Cay"), a homeowner's association, timely appeals from a final order denying its motion to enforce a 1984 settlement agreement against Topside Marina, Inc. ("Topside"), the marina adjacent to Mariner Cay. It argues that the trial court, in denying the motion, erred in finding that the agreement was unambiguous. We agree and reverse.
The 1984 settlement agreement called for the construction of a common wall between Mariner Cay and the marina, and provided, in pertinent part:
The following Agreement ... represents the intent of the respective parties to protect the health, safety and welfare of the residents in the Mariner Cay Development... as well as protection of the rights of the owners of the marina property to live peacefully on their property and conduct their business and pursue their livelihood free of interference....
The [owners of the marina] will construct a six foot (6') concrete block wall on or immediately north of the common property line between the [marina] and Mariner Cay....
Said wall shall be kept in good repair by the [marina].
The wall shall be constructed to eliminate water runoff from the marina onto Mariner Cay....
This Agreement shall be binding on all heirs, successors and assigns of the parties.
The wall replaced a continuous, unbroken chain link fence that had existed at the same site. The wall, however, stopped short of the seawall, and remained attached to a portion of the original fence via a padlock.
In 1995, Charles and Rachel Scott, members of Mariner Cay, requested permission from Mariner Cay to install a gate in the wall. Mariner Cay denied their request. Nevertheless, the Scotts, who owned a boat, installed the gate in 1997, providing them access to the marina.[1]
Mariner Cay then sued Topside to enforce the agreement and, thus, to remove the gate. At the evidentiary hearing that followed, parol evidence was admitted, without objection, as to the parties' intent in forming the agreement. James Herbert, the former president of Mariner Cay, testified that the parties intended that the wall prevent any access to and from the marina to secure the residents at Mariner Cay. He testified that the parties did not contemplate that a gate could be installed within the wall because any interruptions in the wall would disturb the privacy and security of the residents.
However, James Groat, the owner of Topside, testified that one resident of Mariner Cay, Phyllis Kehoe, had keys to the padlock at the end of the wall which provided her access to the marina. Her access, Topside argued, showed that the parties did contemplate that structures could be installed within the wall to provide residents access to the marina.
Following Groat's testimony, the trial court stopped the hearing. Basing its decision solely on the "four corners" of the settlement agreement, it found that the agreement was clear and unambiguous. Because the agreement did not expressly prohibit the installation of a gate within the wall, it then denied the motion to enforce.
It is a cardinal rule that the construction of all written instruments is a question of law and belongs to the courts, provided "the language used is clear, plain, certain, undisputed, unambiguous, unequivocal, and not subject to conflicting inferences." Okeelanta Corp. v. Bygrave, 660 So.2d 743, 747 (Fla. 4th DCA 1995) (citation omitted). While each side in this case maintains that the agreement is clear and unambiguous, just as the trial court found, the interpretations advocated by both sides, while reasonable, differ. We find that this paradox renders *1132 the agreement ambiguous because it is fairly susceptible to different constructions. See Royal Am. Realty, Inc. v. Bank of Palm Beach and Trust Co., 215 So.2d 336, 338 (Fla. 4th DCA 1968).
Accordingly, we believe it was error for the trial court to have concluded that the agreement was unambiguous. We, thus, reverse the final judgment and remand this case to the court to resolve the ambiguity and make specific findings, based on the testimony offered at the prior hearing, as to what the parties intended by the construction of the common wall. On remand the court, should it desire, may entertain the proffered testimony of Phyllis Kehoe, whom the court previously precluded from testifying.
REVERSED and REMANDED in accordance with this opinion.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] It is undisputed that the Scotts have since removed the gate. However, this does not moot this court's jurisdiction, because the questions raised in the briefs are likely to recur. See Pace v. King, 38 So.2d 823 (Fla.1949).