DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL FAZIO,**
Appellant,

v.

**REGINA FAZIO,**
Appellee.

No. 4D17-1562

[May 16, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Merrilee Ehrlich, Judge; L.T. Case No. 13-001559 (FMCE 42/90).

Rocco G. Marucci of Rocco G. Marucci, P.A., Fort Lauderdale, for appellant.

Paulina Forrest and Daniel E. Forrest of Law Office of Daniel E. Forrest, P.A., Plantation, for appellee.

GROSS, J.

This case concerns the construction of a provision in a marital settlement agreement. The circuit court held that the provision was "clear and unambiguous" and entered a final order consistent with the former wife's interpretation. Because we find the provision to be ambiguous, we reverse and remand to the circuit court to hold an evidentiary hearing where the parties may offer evidence as to the meaning of the provision.

In 2013, the trial court entered a final judgment for dissolution of marriage, which incorporated the parties' mediated settlement agreement (the "Agreement"). The Agreement contained a provision for the equitable distribution of the Former Husband's pension, which provides in pertinent part:

> The parties agree that they will each retain any and all IRA/401K plans held in their individual names. Except that the husband has a FRS plan with BSO his employer. **The wife is entitled to 50% of the marital portion of this plan**

through the entry of a Qualified Domestic Relations Order. This QDRO will be entered and the funds transferred within the next (30) days. **The marital portion is defined as the amount from the date of the marriage through the date of the filing of the Petition for Dissolution of Marriage.**

(Emphasis added) (the "Agreement provision").

The parties married in 1987 when the former husband was employed by the Tamarac Police Department, where he had worked since 1980. Several years later, the Broward County Sheriff's Office ("BSO") absorbed the Tamarac Police Department. The parties cashed out the Tamarac pension and spent the money, so that the previous accumulation was not absorbed into the former husband's Florida Retirement System ("FRS") account with BSO.

During the marriage, the parties used marital funds to purchase an enhancement to the FRS pension for the years that the former husband worked in Tamarac prior to joining BSO.

The parties disagree about how the Agreement provision applies to the FRS enhancement that was purchased during the marriage. The wife contends that the entire pension is marital because the enhancement was purchased with marital funds; the former husband argues that the purpose of the Agreement provision was to divide the pension 50/50, *except* for the enhancement portion. He says that to obtain a larger slice of the FRS pie, he paid the wife $100,000 in lump sum alimony and assumed other debts.

In *Fazio v. Fazio,* 181 So. 3d 585 (Fla. 4th DCA 2016), we remanded the case to the circuit court to rule on whether there was an ambiguity in the Agreement provision, and if so, to conduct an evidentiary hearing as to the proper interpretation of the agreement. On remand, the trial judge found the provision to be clear and unambiguous and awarded the wife 50 percent of the entire FRS plan.

A marital settlement is construed in accordance with its terms, so that

> [w]here the terms of a marital settlement agreement are clear and unambiguous, the parties' intent must be gleaned from the four corners of the document. It is only when a term in a marital settlement agreement is ambiguous or unclear that the trial court may consider extrinsic evidence as well as the

parties' interpretation of the contract to explain or clarify the language.

*Jones v. Treasure*, 984 So. 2d 634, 636 (Fla. 4th DCA 2008) (quoting *Levitt v. Levitt*, 699 So. 2d 755, 756 (Fla. 4th DCA 1997)). "On review, the appellate court considers whether the contractual provision was actually ambiguous; if not, 'the language itself is the best evidence of the parties' intent, and its plain meaning controls.'" *Teague v. Teague*, 122 So. 3d 938, 942 (Fla. 4th DCA 2013) (quoting *Richter v. Richter*, 666 So. 2d 559, 561 (Fla. 4th DCA 1995)). "In determining whether a provision is ambiguous, the court should consider a 'reading of the entire agreement [to] clarify what the parties meant' by including the provision." *Id.* (quoting *Bacardi v. Bacardi*, 386 So. 2d 1201, 1203 (Fla. 3d DCA 1980)). "A provision is ambiguous if 'it is fairly susceptible to different constructions.'" *Id.* (quoting *Mariner Cay Prop. Owners Ass'n, Inc. v. Topside Marina, Inc.*, 714 So. 2d 1130, 1132 (Fla. 4th DCA 1998).

The Agreement provision is ambiguous because it is fairly susceptible to different constructions. At the time the provision was drafted in 2013, both parties were fully aware of the facts surrounding the FRS pension and the purchased enhancement. If the Agreement intended to split the pension equally, it could easily have said that the pension would be divided 50/50, a result fully consistent with the purchase of the enhancement with marital funds and the husband's employment with BSO during the marriage.

Yet, the Agreement refers to the "marital portion" of the FRS plan, a wording that suggests that the parties contemplated that some portion of the plan was non-marital. One possible reading of the Agreement provision is that the marital portion of the plan is only that portion attributable to the former husband's time of service with BSO.

Because of the ambiguity in the Agreement provision, we remand to the circuit court to hold an evidentiary hearing where the trial court may consider extrinsic evidence to determine the meaning of the disputed language.

WARNER and TAYLOR, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***