TAU ALPHA HOLDING CORPORATION, a Non-Profit Corporation, C. I. BAIRD and N. W. KNOWLES v. BOARD OF ADJUSTMENTS OF THE CITY OF GAINESVILLE, and HAZEL S. RICE.

171 So. 819.

Opinion Filed January 15, 1937.

*Scruggs & Sobol* and *Hyman B. Sobol,* for Plaintiffs in Error;

*Baxter & Clayton* and *Fred D. Bryant,* for Defendants in Error.

TERRELL, J.—On September 19, 1932, the City of Gainesville adopted a zoning ordinance in which it designated that certain block in said city bounded on the north by Mechanic Street, on the East by Ninth Street, on the south by University Avenue, and on the west by Roux Street, as "Residence B" district, except an area Seventy by One Hundred

feet in the northeast corner thereof. For years prior to the adoption of said ordinance, there had been a small business center in the southeast corner of said block consisting of a grocery store, a brick restaurant, and a large brick filling store. The land involved in this litigation is a lot twenty-one and one-half feet wide fronting the street located in the midst of this business center and on which was located a small frame restaurant.

In August, 1935, the owner, Hazel S. Rice, decided to replace said restaurant with a brick one and applied to the city building inspector for a permit to do so. The city building inspector denied her application and she appealed to the Board of Adjustments as created and provided in the zoning ordinance. The Board of Adjustments granted her a temporary permit as prayed for reviewable from year to year. Plaintiffs in error appeared before the Board of Adjustments and requested that it revoke the temporary permit granted the owner, which request was, after due consideration, denied and reasons therefor fully stated. Certiorari was prosecuted to the Circuit Court to review the latter action of the Board of Adjustments and on final hearing, the writ was quashed. The judgment quashing the writ of certiorari is here for review on writ of error.

On April 20, 1936, after a writ of error was perfected and briefs on the main questions filed, the City of Gainesville amended its zoning ordinance so as to remove the lands involved in this litigation from "Residence B" district and embrace them within a business district. Because of the passage of this ordinance and the consequent change in the status of said lands, the city now moves to dismiss the writ of error on the ground that the main question has become moot. Plaintiff in error urges that notwithstanding the motion to dismiss, the Court should adjudicate the main

question because of its public importance and the fact that it is an open question in this State.

The rule is settled that although questions raised in a litigated case may before their adjudication in due course become moot in so far as they affect that case, the Court is warranted in adjudicating them if they are of great public import and the real merits of the controversy are unsettled. State, *ex rel.* Dakota Trust Co., v. Stutsman, 24 N. Dak. 68, 139 N. W. 83; Ann. Cas. 1914D, 776, and cases there cited.

The dominant question raised on the writ of error is whether or not the power given the Board of Adjustments of the City of Gainesville by temporary permit to relax or vary the effect of the zoning ordinance in individual cases where its strict enforcement would result in undue hardship amounts to an unconstitutional delegation of legislative authority notwithstanding a showing that the main purpose and spirit of the ordinance is carried out.

This question is squarely presented and fully briefed and we have concluded that as to this case it must be answered in the negative. We are conscious of the rule against the delegation of legislative power as contended for by plaintiffs in error and as supported in the following cases cited by them: Norcross, *et al.,* v. Board of Appeals of Building Department of the City of Boston, 255 Mass. 177, 150 N. E. 887; Prusik v. Board of Appeals of Building Department of Boston, 262 Mass. 451, 160 N. E. 312; Thayer v. Board of Appeals of the City of Hartford, 114 Conn. 15, 157 Atl. 273; Anderson-Kerr, Inc., v. Van Meter, *et al.,* 162 Okla. 176, 19 Pac. (2d) 1068; Heffernan v. Zoning Board of Review, 50 R. I. 26, 144 Atl. 674; Junge's Appeal, 89 Pa. Sup. Ct. 543; People, *ex rel.* Stevens, v. Clarke, 215 N. Y. S. 190, 216 App. Div. 351; and other cases relied on

by them, but we do not think the facts in this case bring it within the rule announced in these cases.

The ordinance under review does not give the Board of Adjustments power to change zoning lines or make other material or permanent changes in the ordinance as enacted by the city. It vests in the Board of Adjustments. power to treat individual cases under the following conditions:

"1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this act or of any ordinance pursuant thereto.

"2. To hear and decide special exceptions to the terms of the ordinance upon which such Board is required to pass under such ordinance.

"3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

We think this is a typical case in which the Board of Adjustment may grant relief under the terms of the zoning ordinance. It is shown that the property involved was at the time the zoning ordinance was adopted and has since been in the midst of a business district, and has been in use for business purposes, that it cannot under present circumstances be valuable for any other purpose, that the public can in no way suffer by the indulgence proposed to be given the owner, that it would be an undue hardship on the owner not to grant such indulgence, and that in so doing the spirit and purpose of the ordinance may still be enforced. Feeman v. Board of Adjustment of City of Great Falls, 97

Mont. 342, 34 Pac. (2d) 534; People, *ex rel.* St. Basil's Church of City of Utica, v. Kerner, 211 N. Y. S. 470, 125 Misc. 526; State, *ex rel.* Taylor, v. City of Jacksonville, 101 Fla. 1241, 133 So. 114; State, *ex rel.* Landis, v. Valz, 117 Fla. 311, 157 So. 651; State, *ex rel.* Helseth, v. DuBose, 99 Fla. 812, 128 So. 4; *In Re* Dawson, 136 Okla. 113, 277 Pac. 226; Euclid v. Ambler Realty Co., 272 U. S. 365, 47 Sup. Ct. Rep. 114, 71 L. Ed. 303; 31 Mich. Law Rev. 108. These authorities support the prevailing rule in this country. The Florida cases here cited would seem to settle this question contrary to the contention of plaintiffs in error.

While this is our conclusion as to the main question, we have reached the conclusion that the motion to dismiss the writ of error should be granted. The City was fully authorized to amend its zoning ordinance; the amendment was in line with the policy of the City; under the facts of this case it is not shown to work a hardship on anyone and in so far as done might have been accomplished by the ordinance as originally enacted.

The judgment below on the main question is accordingly approved and the motion to dismiss the writ of error is granted.

It is so ordered.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and DAVIS, J. J., concur.