131 So.2d 1 (1961)
SOUTHEASTERN UTILITIES SERVICE COMPANY and The Fidelity & Casualty Company of New York, Petitioners,
v.
Frank REDDING and Florida Industrial Commission, Respondents.
No. 30941.
Supreme Court of Florida.
June 7, 1961.
Leo M. Alpert, Miami, for petitioners.
Edward N. Moore of Walters, Moore & Costanzo, Miami, Paul E. Speh and Burnis T. Coleman, Tallahassee, for respondents.
DREW, Justice.
This compensation case presents the very narrow issue of whether, under the provisions of Section 440.30, Florida Statutes (1959), F.S.A., construed in pari materia with Rule 1.21 of the 1954 Florida Rules of Civil Procedure, 30 F.S.A., an employer or carrier voluntarily paying compensation to an injured employee may take the employee's deposition prior to the filing of a formal claim by such employee.
As a prelude to the discussion of the question involved, however, it is pertinent to point out the fact that as to the parties to this litigation this question has become moot because Redding, the employee, subsequent to the order of the full commission holding such deposition may *2 not be taken prior to the filing of a formal claim by the employee, filed a formal claim against the petitioner, thereby voluntarily subjecting himself to the provisions of the aforesaid statute and rule. Although the question, by virtue of the events above related, has become moot so far as the immediate parties to this proceeding are concerned, we have determined to retain jurisdiction of the matter and determine this unsettled question because of our view that it is one of wide public interest involving the duties and responsibilities and authority of the Florida Industrial Commission and affects the future administration of the beneficent provisions of the Workmen's Compensation Law of this State.[1]
Section 440.30, Florida Statutes (1959), F.S.A., deals specifically with the taking of depositions of witnesses (which, of course, includes claimants) in connection with proceedings under the Workmen's Compensation Law. Such section contains the provision that such depositions shall be taken "* * * as now or hereafter prescribed by law or by rules of court governing the taking and use of such depositions in civil actions at law in the circuit courts of this state." The germane statute, viz.: Section 440.30, dealing as it does with the specific subject of workmen's compensation, would control as paramount authority in the event any of its provisions were inconsistent with the provisions of Rule 1.21, Florida Rules of Civil Procedure, which generally govern the subject of taking depositions. The general rule should be followed in the ordinary case as to the manner, method and procedure prescribed in such rule; but, as to the circumstances under which the same may be taken, the statute is clearly controlling. It has been represented to this Court that for a long period of time the full commission has construed this statute to mean that depositions of a claimant receiving compensation on a voluntary basis may not be taken by the employer or carrier until a formal claim has been filed and that, therefore, such administrative ruling should be accorded great persuasive force in the determination of the question with which we are now faced.[2]
It will be observed, however, that almost without exception each of the cases cited in support of this general principle makes clear the proposition that such administrative interpretation of statutes is not entitled to such great weight by this Court when the result reached by the administrative board or agency or the effect of its ruling is "clearly erroneous". There can be no doubt that an administrative ruling or policy which is contrary to the plain and unequivocal language of a legislative act is clearly erroneous. This proposition seems to be too elemental to require further discussion. It is also an elemental rule that if the terms and provisions of a statute are plain there is no room for judicial or administrative interpretation. We are of the view that the present statute provides in plain, simple English that a carrier *3 or employer may take the depositions of an employee to whom compensation is being paid on a voluntary basis at any time after payment begins whether a formal claim has been filed or not and this becomes abundantly clear when we consider certain words used in the statute. For instance, the statute uses the words the deposition may be taken "* * * at the instance of any party or prospective party." (Emphasis ours.) Moreover, in the statute the words used in determining when such deposition may be taken are "* * * either prior to or pending the institution or hearing of a claim." (Emphasis ours.) To further elaborate upon the matter would be to unduly dignify the argument that this statute is ambiguous.
There was a suggestion in the oral argument of this cause before this Court that the allowance of such deposition prior to the filing of a formal claim would work an undue hardship upon a claimant because of the possibility of overreaching on the part of a carrier or employer where no provision has been made for the payment of the fees of an attorney to represent such claimant in the taking of such deposition. There are many answers to this argument but, in view of the unambiguous language of the statute and our conclusion that such depositions may be taken prior to a formal claim, our consideration of this matter is not pertinent to this decision nor germane to our disposition of the cause. While we specifically do not decide the question, it is not amiss to suggest that it is within the power of the full commission to adopt lawful rules and regulations to afford protection to a claimant in such circumstances; and while we do not decide the question, it may well be that where the employer or carrier initiates such proceedings and brings the claimant before an officer authorized to depose him that under the rationale of the holding of this Court in Great American Indemnity Company v. Williams, Fla. 1956, 85 So.2d 619, the deputy commissioner may be warranted in awarding reasonable compensation to claimant's attorney in representing him in such proceedings.
Certiorari is granted and the questioned order of the full commission is quashed with directions to reinstate the order of the deputy commissioner.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Barrs v. Peacock, 1913, 65 Fla. 12, 61 So. 118; State ex rel. Railroad Com'rs v. Southern Tel. & Const. Co., 1913, 65 Fla. 67, 61 So. 119; Joughin v. Parks, 1932, 107 Fla. 833, 143 So. 145, 306, 147 So. 273; Pitt v. Belote, 1933, 108 Fla. 292, 146 So. 380; Tau Alpha Holding Corp. v. Board of Adjustments, 1937, 126 Fla. 858, 171 So. 819; Pace v. King, Fla. 1949, 38 So.2d 823; Bowden v. Carter, Fla. 1953, 65 So.2d 871.

The holdings in the above cases on this point may be summarized by the following quotation from Tau Alpha Holding Corp. v. Board of Adjustments, supra:
"* * * although questions raised in a litigated case may before their adjudication in due course become moot in so far as they affect that case, the court is warranted in adjudicating them if they are of great public import and the real merits of the controversy are unsettled." [126 Fla. 858, 171 So. 820.]
[2] State ex rel. Burr v. Jacksonville Terminal Co., 1916, 71 Fla. 295, 71 So. 474; Willis v. Hathaway, 1928, 95 Fla. 608, 117 So. 89; State ex rel. Allen v. Rose, 1936, 123 Fla. 544, 167 So. 21.