WALDEN, Chief-Judge.
Does a minority stockholder in a bank and trust company have a right to inspect the bank’s stock book which contains the names, addresses and number of shares owned by all of the bank’s stockholders? The trial court answered affirmatively and issued a peremptory writ of mandamus allowing such inspection. We reverse on authority of F.S. Section 659.25, F.S.A. 1967. It provides:
“Rights of minority stockholders.— No bank or trust company and no director, officer or employee thereof, shall permit any stockholder other than a qualified director, officer or employee thereof to have access to or to examine or inspect any of the books or records of such bank or trust company other than its general statement book showing its general assets and liabilities.”
This statute is a part of the 1953 Florida Banking Code consisting of Chapters 658-661, and its terms were made expressly applicable to all banks. F.S. Section 658.-03, F.S.A.1967.
The wording of the dispositive statute, Section 659.25, supra, is clear, unequivocal, unambiguous and such as to preclude judicial excursion in search of a contrary legislative intent. There is simply no basis or license for statutory interpretation and the plain and obvious provisions control. 30 Fla.Jur., Statutes, § 74.
There are two exceptions or “other than” clauses in the statute. However, these are unavailing as concerns the minority stockholder here. He is not a “director, officer or employee” of the bank. Secondly, the stock book does not fit the exception, “other than its general statement book showing its general assets and liabilities.” The statement of these two express exceptions gives rise to the strong inference that no other exceptions were intended or may be read in so as to afford the minority stockholder the relief he seeks. See Biddle v. State Beverage Department, Fla.App.1966, 187 So.2d 65.
*68 The minority stockholder urges that he is entitled to examine the stock book under the statutory mandate found in F.S. Section 608.39, F.S.A.1967, which statute amplifies and expands a stockholder’s common law rights of inspection. Florida Telephone Corporation v. State ex rel. Peninsular Tel. Co., Fla.App.1959, 111 So.2d 677. Indeed, a reading of this statute alone would exactly support the claimed right of inspection. However, closer inquiry reveals that Chapter 608, F.S.1967, which is entitled “Corporations Generally” does not apply to banks and trust companies. Why? The answer is found in the exception or disclaimer provided in F.S. Section 608.01, F.S.A.1967:
"Application in part I of chapter. — The provisions of part I of this chapter shall extend to all corporations * * * except that where special statutes for the regulation and control of types of business and corporations therein specified conflict herewith the provisions of such statutes shall control. * * * ” (Emphasis added.)
It is clear, of course, that the aforementioned Banking Code, including F.S. Section 659.25, F.S.A.1967, consists of just such “special statutes.” Hence, there is no conflict in application between Section 659.25, supra, and Section 608.39, and, repetitively, Section 659.25 governs the instant situation.
The minority stockholder asks us to permit inspection using the case of State ex rel. Powell v. State Bank, 1931, 90 Mont. 539, 4 P.2d 717, 80 A.L.R. 1494, as a precedent. However, that case involved a Montana statute, as follows:
“No stockholder of any bank incorporated under the laws of this State who is not a director shall have the right to inspect the books and records of such' bank showing its transaction with any of its customers, but any such stockholder shall have the right to inspect during business hours the general statement book showing the general assets and liabilities of such bank.” (Emphasis added.)
Examination of this statute quickly shows that its bar is much narrower in scope, it being limited to books and records showing transactions with its customers. Because of the critical difference in statutes, this case is not helpful to a disposition of this appeal.
Finally,' the minority stockholder rails, quite reasonably, against Section 659.-25, supra, saying that:
“ * * * It would therefore be impossible for minority shareholders to elicit proxies from fellow shareholders, the practical result being that existing management of whatever sort, could cause incalculable mischief without the ability of any shareholder to proceed to rectify such a situation pursuant to the Articles of Incorporation or By-Laws thereof.”
We recognize the difficulty with which he is faced. We would even agree from our limited viewpoint that a statute such as the Montana statute earlier mentioned, which gave a right of inspection except as to books showing customer transactions, would be preferable. However, returning to the situation before us, it could very well have been the legitimate legislative intent to make proxy fights difficult and to, in effect, render stable current bank managements, leaving minority stockholders to follow other routes for redress of their grievances. Regardless of the merits of the several positions, we feel that the establishment of guidelines in this area is a proper function of the legislature.
The judgment is reversed and the cause remanded with instructions to quash the writ of mandamus and to dismiss the petition.
Reversed.
CROSS, J., and MELVIN, WOODROW M., Associate Judge, concur.