QUESTION: Do the provisions of s. 951.24(1), F.S., relating to county work-release programs require that the sheriff of the county concur in the concept of a work-release program before such a program is instituted, or does it require only that he approve the individuals who are allowed to participate in the program once it is established?
SUMMARY: Section 951.24(1) and (3), F.S., provides that the county sheriff's approval is to be obtained prior to the institution of a work-release program and prior to court placement of any prisoner into such a program. Section 951.24(1) provides in part that [a]ny county shall be deemed to have a work-release program upon the motion of that county's board of county commissioners which shall require the concurrence of the sheriff of said county. (Emphasis supplied.) A search of the authorities has revealed the absence of any judicial construction of the above-cited statute. Ordinarily, under these circumstances the rules of statutory construction must be utilized in order to reach a proper determination of the legislative intent. Scarborough v. Newsome, 7 So.2d 321 (Fla. 1942). However, where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resort to the rules of statutory construction. White v. Campbell, 215 So.2d 66. The plain and obvious provisions must control. Southeastern Utilities Service Co. v. Redding, 131 So.2d 1 (Fla. 1961). Section 951.24(1), F.S., provides that the county sheriff must concur in the county commissioners' decision to institute a workrelease program for prisoners of the county jail. Section 951.24(3) provides that prisoners of the county jail, once incarcerated, may request in writing to be placed on the county's work-release program if one has been implemented. Such a request "may be granted by the court with the advice and consent of the sheriff and upon agreement by the prisoner." When subsections 951.24(1) and (3) are read in pari materia, it is evident that the Legislature intended to give the county sheriff both the power to share in the decision to institute a county work-release program and the power to share in the decision regarding the placement of individual prisoners in such a program. Therefore, s. 951.24(1) requires that the county commission secure the approval of the county sheriff before it may establish a county work-release program for county prisoners.