Mr. Edward Paul Kreiling City Attorney City of Miramar Post Office Box 3838 Miramar, Florida 33023
Dear Mr. Kreiling:
This is in response to your request for an opinion on the use of sole source specifications in the construction or repair of public buildings. Your questions can be consolidated as follows:
 MAY A CITY COUNCIL OR OTHER CITY OFFICIAL SPECIFY A PARTICULAR PRODUCT BY MANUFACTURER NAME AND MODEL FOR USE IN THE CONSTRUCTION, MODIFICATION, ALTERATION, OR REPAIR OF A PUBLICLY OWNED FACILITY IF THE SPECIFICATION ALLOWS THE USE OF AN EQUIVALENT PRODUCT OR SPECIFY PARTICULAR PRODUCTS OR SYSTEMS BY UTILIZATION OF A PERFORMANCE SPECIFICATION BASED UPON A PARTICULAR MANUFACTURER'S PERFORMANCE RATINGS IF THE SPECIFICATION ALLOWS THE USE OF PRODUCTS MEETING OR EXCEEDING THE PERFORMANCE SPECIFICATION?
It appears from your questions that the city council, councilmen, or official charged with the letting of contracts or purchases of materials for the construction, modification, alteration or repair of a publicly owned facility would make the determination as to whether a nonspecified material or system is equivalent to the product or system that is particularly specified. Section 255.04, F.S. 1983, in pertinent part, provides:
 Notwithstanding the foregoing, no county official, board of county commissioners, school board, city council or city councilmen, or other public official, state board, or state agency charged with the letting of contracts or purchase of materials for the construction, modification, alteration, or repair of any publicly owned facility may specify the use of materials or systems by a sole source. (e.s.)
This provision was added to s 255.04, F.S. 1983, by Ch. 83-266, s 2, Laws of Florida. This language prohibits the specification of the use of materials or systems by a sole source in the letting of contracts or purchase of materials for the construction, alteration or repair of publicly owned facilities. The prohibition is unconditional and in express terms prohibits any sole source specification. The statute allows for no exceptions. Where the language of a statute is clear and unequivocal, there is no necessity for any construction or interpretation and effect should be given to the plain meaning of its terms. Reino v. State,352 So.2d 853 (Fla. 1977); State v. Egan, 287 So.2d 1 (Fla. 1973); Wagner v. Botts, 88 So.2d 611 (Fla. 1956). This office cannot read into the law an interpretation which would make the law more equitable or more in accord with the factual circumstances in any particular situation, but where the language is clear and unequivocal must take the law and apply it as it is written by the Legislature. See, e.g., Southeastern Utilities Service Company v. Redding, 131 So.2d 1 (Fla. 1961); Tropical Coach Line, Inc. v. Carter, 121 So.2d 779 (Fla. 1960). The statute does not provide for any kind of sole source specification with an equivalence determination for the use of alternative materials or systems.
During the 1984 Legislative Session, s 255.04 was amended by SB 907 to provide in relevant part:
 Notwithstanding the foregoing, no county official, board of county commissioners, school board, city council or city councilmen, or other public official, state board, or state agency charged with the letting of contracts or purchase of materials for the construction, modification, alteration, or repair of any publicly owned facility may specify the use of materials or systems by a sole source, unless:
 (1) The governmental body, after consideration of all available alternative materials and systems, determines that the specification of a sole material or system is justifiable based upon its cost or interchangeability;
 (2) The sole source specification has been recommended by the architect or engineer of record; and
 (3) The governmental body's consideration and justifications are documented, in writing, in the project file.
(additions are underlined)
The 1984 amendment places three requirements upon the use of sole source specifications. The Governor approved this bill on June 19, 1984. The effective date of SB 907 is October 1, 1984. Until that date, there is an unconditional prohibition on the use of sole source specifications for the construction, modification, alteration, or repair of any publicly owned facility.
It is therefore my opinion, that until the effective date of SB 907 (October 1, 1984) which permits sole source specifications in certain circumstances as specified therein, proposals of the City of Miramar to specify a particular product to be used in the construction, modification, alteration or repair of a public facility by manufacturer name and model, or to specify particular products or systems by utilization of a performance specification based upon a particular manufacturer's performance ratings are prohibited by the terms of s 255.04, F.S. 1983, which unconditionally prohibits the use of sole source specifications for the construction, modification, alteration or repair of any publicly owned facility.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General