602 So.2d 979 (1992)
Aviad VISOLY, Appellant,
v.
Ralph BODEK, et al., Appellees.
No. 91-884.
District Court of Appeal of Florida, Third District.
July 14, 1992.
Rehearing Denied September 8, 1992.
Ivan Benjamin, Marlowe Blake and Jay M. Levy, Miami, for appellant.
Lapidus & Frankel and Richard L. Lapidus, Miami, for appellees.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
The plaintiff below, Aviad Visoly, appeals from a final judgment, which in part, does not permit him to voluntarily dismiss the action. We affirm.
The defendant below, Security Pacific Credit Corporation, filed a verified motion to strike the complaint as sham pursuant to Rule 1.150(a), Florida Rules of Civil Procedure.[1] The trial court granted the motion. Thereafter, Visoly requested that he be permitted to voluntarily dismiss his action pursuant to Rule 1.420(a)(1), Florida Rules of Civil Procedure, arguing that the rule permits a plaintiff to voluntarily dismiss an action "before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment. ..." (emphasis added). The trial court denied the request stating that:
Rule 1.150, Fla.R.Civ.P. provides that upon granting a motion to strike for sham, the court may enter summary judgment. There is no difference or distinction between the summary judgment rule and the rule relating to the striking for sham pleadings so far as voluntary dismissals are concerned. Both rules authorize the entry of summary judgments. The voluntary dismissal is untimely and is denied.
Visoly contends that the trial court erred in denying his request to voluntarily dismiss his action where Rule 1.420(a)(1) does not specifically prohibit a plaintiff from voluntarily dismissing an action after the trial court has granted the defendant's motion to strike the complaint as sham. We disagree.
The voluntary dismissal rule permits the plaintiff to voluntarily dismiss his action "at any time before a hearing on motion for summary judgment." The rule, however, does not specifically refer to motions to strike as sham. Nonetheless, as far as *980 voluntary dismissals are concerned, we see no distinction between motions for summary judgment and motions to strike a pleading as sham. The motion to strike a complaint as sham "should be tested by the same standards as a motion for summary judgment" since "[s]uch a procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact...." Meadows v. Edwards, 82 So.2d 733 (Fla. 1955); see also, Slatko v. Virgin, 328 So.2d 499 (Fla. 3d DCA 1976). Additionally, the rule relating to motions to strike as sham states, in part, that "summary judgment on the merits may be entered in the discretion of the court." Rule 1.150, Fla.R.Civ.P. Accordingly, we find that the trial court correctly denied Visoly's request to voluntarily dismiss his action.
We find that the remaining points lack merit.
Affirmed.
LEVY and GODERICH, JJ., concur.
JORGENSON, Judge, specially concurring.
I agree with the result that the court has reached today and with the court's reasoning. I write separately only to distinguish this case from our decision in Freeman v. Mintz, 523 So.2d 606 (Fla. 3d DCA), rev. denied sub nom Coldwell Banker-Klock Co. v. Freeman, 534 So.2d 398 (Fla. 1988). In Freeman, we held that a trial court was without jurisdiction to dismiss a case involuntarily once plaintiff's counsel had filed a written notice of voluntary dismissal. In this case, unlike in Freeman, the defendant filed a motion to dismiss the complaint as sham. The court has properly likened that motion to a motion for summary judgment, thereby removing this case from the Freeman rule.
NOTES
[1] Rule 1.150(a), Florida Rules of Civil Procedure provides as follows:

Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, he may move to strike said pleading or part thereof before the cause is set for trial and the court shall hear said motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.