ON MOTION FOR CLARIFICATION

WARNER, J.
We grant the motion for clarification, withdraw our previously issued opinion and substitute the following in its place.
The defendant in a mortgage foreclosure action filed by BNY Mellon appeals a trial court’s denial of his motion under Florida Rule of Civil Procedure 1.540(b) to vacate a voluntary dismissal. The notice was filed after the defendant moved for sanctions against the plaintiff for filing what he alleged was a fraudulent assignment of mortgage. Because the notice of voluntary dismissal was filed prior to the plaintiff obtaining any affirmative relief from the court, we affirm the trial court’s order.
BNY Mellon commenced an action to foreclose a mortgage against the defendant. The mortgage attached to the complaint specified another entity, Silver State Financial Systems, as lender and still another, Mortgage Electronic Registration Systems, as mortgagee. ■ The complaint alleged that BNY Mellon owned and held the note and mortgage by assignment, but failed to attach a copy of any document of assignment. At the same time, it alleged the original promissory note itself had been “lost, destroyed or stolen.” The complaint was silent as to whether the note had ever been negotiated and transferred to BNY Mellon in the manner provided by law.[1]
The defendant initially sought dismissal for failure to state a cause of action, arguing that in light of the claim of a lost instrument, the absence of an assignment of mortgage was a critical omission. BNY Mellon responded by amending the complaint only to attach a new unrecorded assignment, which happened to be dated just before the original pleading was filed.
In response to this amendment, defendant moved for sanctions. He alleged that the newly produced document of assignment was false and had been fraudulently made, pointing to the fact that the person executing the assignment was employed by the attorney representing the mortgagee, and the commission date on notary stamp showed that the document could not have been notarized on the date in the document. The defendant argued that the plaintiff was attempting fraud on the court and that the court should consider appropriate sanctions, such as dismissal of the action with prejudice. Concurrent with the filing of this motion, the defendant scheduled depositions of the person, who signed the assignment, the notary, and the witnesses named on the document — all employees of Florida counsel for BNY Mel- *952 Ion — for .the following day. Before the scheduled depositions, BNY Mellon filed a notice of voluntary dismissal of the action.
Five months later, BNY Mellon réfiled an identical action to foreclose the same mortgage. The new complaint no longer claimed the note was lost and attached a new assignment of mortgage dated after the voluntary dismissal. In the original, dismissed action, the defendant filed a motion under rule 1.540(b), seeking to strike the voluntary dismissal in the original action on the grounds of fraud on the court and for a dismissal of the newly filed action as a consequent sanction, requesting an evidentiary hearing. The trial court denied the motion without an evidentiary hearing, essentially holding that, because the previous action had been voluntarily dismissed under rule 1.420, the court lacked jurisdiction and had no authority to consider any relief under rule 1.540(b).
We affirm the trial court’s refusal to strike the notice of voluntary dismissal. Neither rule 1.540(b) nor the common law exceptions to that rule allow a defendant to set aside the plaintiffs notice of voluntary dismissal where the plaintiff has not obtained any affirmative relief before dismissal.
Rule 1.420(a) permits a plaintiff to dismiss an action without- order of the court “at any time” before a motion for summary judgment is heard or before retirement of the jury or submission to the court if the matter is tried non-jury. “Our courts have consistently construed this rule as meaning that, at any time before a hearing on ⅜ motion for summary judgment, a party seeking affirmative relief has nearly an absolute right to dismiss his entire action once, without a court order, by serving a notice of dismissal.” Ormond Beach Assocs. Ltd. v. Citation Mortg., Ltd., 835 So.2d 292, 295 (Fla. 5th DCA 2002); see also Meyer v. Contemporary Broadcasting Co., 207 So.2d 325, 327 (Fla. 4th DCA 1968). The courts have carved out narrow exceptions to this entitlement:
The only recognized common law exception to the broad scope of this rule is in circumstances where the defendant demonstrates serious prejudice, such as where he is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired some substantial rights in the cause, or where dismissal is inequitable. See Romar Int’l, Inc. v. Jim Rothman Chevrolet/Cadillac, Inc., 420 So.2d 346 (Fla. 5th DCA 1982); Visoly v. Bodek, 602 So.2d 979 (Fla. 3d DCA 1992).
Ormond, 835 So.2d at 295. In Visoly, the court granted a motion to strike the complaint as a sham. Finding that rule 1.150(a) operated much like a motion for summary judgment, the court concluded that the plaintiff could not voluntarily dismiss his complaint pursuant to rule 1.420(a) where the tidal court had granted the motion to strike, which was equivalent to the granting of a motion for summary judgment.
The most applicable common law exception to the right to a voluntary dismissal was applied in Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979). There, the court affirmed the trial court’s striking of a notice of voluntary dismissal where the plaintiff sought to perpetrate a fraud by the filing of the notice of voluntary dismissal. Select Builders had filed suit to expunge an injunction against a condominium developer, granted in Federal Court in Illinois, and improperly filed in the public records of Dade County. The trial court issued an order expunging the document and enjoining the filing of any other like documents without domesticating the judgment in Florida. Latex*, it was discovei*ed that Select Builders had perpetrated a fraud upon *953 the court in obtaining the order expunging the document. The trial court vacated its prior order, and the appellees moved for sanctions and fees. The court also ordered Select Builders to take steps to preserve the status quo and to make payment of monies it received in connection with the sale of some of the property subject to the injunction to a third party. Select Builders then filed a notice of voluntary dismissal, which the trial court struck to retain jurisdiction over the case.
The appellate court affirmed, concluding that the court correctly retained jurisdiction to prevent a fraud on the court. “The plaintiff had obtained the affirmative relief it sought, its actions in the cause in the trial court may have been fraudulent on the court and it certainly was within its inherent power (as an equity court) to protect its integrity.” Id. at 1091. The court distinguished other cases in which the plaintiffs right to take a voluntary dismissal was deemed absolute: “First, the plaintiff in the cited cases had not received affirmative relief from an equity court and, secondly, no question of fraud on the court was involved.” Id.
In Select Builders the plaintiff obtained affirmative relief by the granting of the suspect injunction, and it had obtained such relief by fraud. Comparing the facts of Select Builders to this case, we find that the BNY Mellon had not obtained any type of affirmative relief. Even if the assignment of mortgage was “fraudulent” in that it was not executed by the proper party, it did not result in any relief in favor of BNY Mellon. Select Builders is thus distinguishable from the present case. In Bevan v. D’Alessandro, 395 So.2d 1285, 1286 (Fla. 2d DCA 1981), the court likewise distinguished Select Builders on the grounds that the “plaintiff had received affirmative relief to which he was not entitled and sought to avoid correction of the trial court’s error by taking a voluntary dismissal.” No such circumstance is present in this case.
The appellant argues that rule 1.540(b) also provides a method to seek relief from a notice of voluntary dismissal. We disagree that the defendant/appellant may utilize that rule where the defendant has not been adversely affected by the voluntary dismissal. Rule 1.540(b) allows a court to relieve a party from a “final judgment, decree, order, or proceeding” based upon any of five grounds set out in the rule: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been ■ satisfied or released. A notice of voluntary dismissal constitutes a “proceeding” within the meaning of the rule. See Miller v. Fortune Ins. Co., 484 So.2d 1221, 1224 (Fla.1986). Therefore, the rule may be invoked, even though for all other purposes the trial court has lost jurisdiction over the cause. Id. Indeed, in Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364, 368 (Fla. 4th DCA 1982), approved by the supreme court in Miller, we held: “Rule 1.540(b) may be used to afford relief to all litigants who can demonstrate the existence of the grounds set out in the Rule.”
The rule, however, is limited to relieving a party of a judgment, order or proceeding. “Relieve” means “[t]o ease or alleviate (pain, distress, anxiety, need, etc.) ... to ease (a person) of. any burden, wrong, or oppression, as by legal means.” The Random House Dictionary of the English Language 1212 (1967). A defendant may obtain such “relief’ when a plaintiff has obtained a ruling that has adversely impacted the defendant. Here, the defendant has not been adversely impacted by a *954 ruling of the court. The fact that a defendant may have incurred attorney’s fees and costs is not an adverse impact recognized as meriting relief. See Serv. Experts, LLC v. Northside Air Conditioning & Elec. Serv. Inc., 2010 WL 4628567 (Fla. 2d DCA 2010),. Therefore, because the defendant has not suffered an adverse ruling or impact from the notice of voluntary dismissal, he is not entitled to seek relief pursuant to the rule.
The dissent is certainly correct that a court possesses the authority to protect judicial integrity in the litigation process. However, the cases cited in support of a court exercising such authority all involved the court granting a motion for involuntary dismissal where the plaintiff had engaged in deceitful conduct during a still pending case. See Ramey v. Haverty Furn. Co., 993 So.2d 1014, 1020 (Fla. 2d DCA 2008); McKnight v. Evancheck, 907 So.2d 699, 700 (Fla. 4th DCA 2005); Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). In each of those proceedings, the defendant moved for the sanction of .dismissal of an ongoing proceeding based upon “fraud on the court.” That term has been described as follows:
A “fraud on the court” occurs where it can be. demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party’s claim or defense.
Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). Dismissal is a remedy to be used only in the most extreme cases, as “[gjenerally speaking, ... allegations of inconsistency, nondisclosure, and even falseness, are best resolved by allowing the parties to bring them to the jury’s attention through cross examination or impeachment, rather than by dismissal of the entire action.” Granados v. Zehr, 979 So.2d 1155, 1158 (Fla. 5th DCA 2008) (emphasis added).
Here, we do not view it as an appropriate exercise' of the inherent authority of the court to reopen a ease voluntarily dismissed by the plaintiff simply to exercise that authority to dismiss it, albeit with prejudice. Only in those circumstances where the defendant has been seriously prejudiced, as noted in Romar International, should the court exercise its inherent authority to strike a notice of voluntary dismissal. The defendant in this case does not allege any prejudice to him as a result of the plaintiffs voluntary dismissal of its first lawsuit. Indeed, he may have benefitted by forestalling the foreclosure.
The appropriate procedure is to follow Rule 1.420. Upon the voluntary dismissal, Pino would be entitled to his costs and possibly his attorney’s fees. See Fleet Servs. Corp. v. Reise, 857 So.2d 273 (Fla. 2d DCA 2003). The court can require payment as a precondition to the second suit. See Fla. R. Civ. P. 1.420(d). Moreover, a referral of the appellee’s attorney fór a violation of the Code of Professional Responsibility for filing the complaint with the alleged false affidavit is in order.[2]
We conclude that this is a question of great public importance, as many, many mortgage foreclosures appear tainted with suspect documents. The defendant has requested a denial of the equitable right to foreclose the mortgage at all. If this is an available remedy as a sanction after a voluntary dismissal, it may dramatically affect the mortgage foreclosure crisis in this *955 State. Accordingly we certify the following question to the Florida Supreme Court as of great public importance:
DOES A TRIAL COURT HAVE JURISDICTION AND AUTHORITY UNDER RULE 1.510(b), Fla. R. Civ. P., OR UNDER ITS INHERENT AUTHORITY TO GRANT RELIEF FROM A VOLUNTARY DISMISSAL WHERE THE MOTION ALLEGES A FRAUD ON THE COURT IN THE PROCEEDINGS BUT NO AFFIRMATIVE RELIEF ON BEHALF OF THE PLAINTIFF HAS BEEN OBTAINED FROM THE COURT?

Affirmed.

GROSS, C.J., STEVENSON, TAYLOR, MAY, DAMÓORGIAN, CIKLIN, GERBER, LEVINE and CONNER, JJ„ concur.
HAZOURI, J., recused.
POLEN, J., dissents with opinion.

. See § 673.2011(2), Fla. Stat. (2010) (if instrument is payable to an identified person "negotiation requires transfer of possession of the instrument” and endorsement by holder).

. Notably, appellee’s attorneys on appeal, Ak-erman Senterfitt, were not involved in the proceedings giving rise to the allegations of misrepresentation and fraud upon the court.