LABARGA, J.
The Public Health Trust of Miami-Dade County (Public Health Trust), the governing body of Jackson Memorial Hospital, seeks review of the decision of the Third District Court of Appeal in Public Health Trust of Miami-Dade County v. Acanda, 23 So.3d 1200 (Fla. 3d DCA 2009). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. Although we approve the decision of the Third District to the extent that it affirmed the judgment in favor of Odette Acanda (Acanda), we disapprove the reasoning and analysis of the district court for the reasons expressed below. We will begin with an overview of the facts and procedural history of this case, and we will then proceed with our analysis.
FACTS AND PROCEDURAL POSTURE
In February 2005, Odette Acanda gave birth to a son, Ryan, at Jackson Memorial Hospital. Ryan was born almost two months premature, and he was immediately placed in the hospital’s neonatal intensive care unit. There, he contracted a severe bacterial infection and died five days after he was born. In 2006, as the representative of Ryan’s estate, Acanda filed a complaint against Public Health Trust, alleging the negligence of certain residents, fellows, and nurses at Jackson Memorial Hospital. Public Health Trust’s answer suggested a number of affirmative defenses, including that the complaint failed to state a cause of action because Acanda had not served process on the Florida Department of Financial Services (DFS) in compliance with section 768.28(7), Florida Statutes.[1] Public Health Trust did not seek pretrial relief based on section 768.28(7), and the issue did not arise again until the case proceeded to trial in August 2007.
Although there was a dispute at trial about whether Acanda had actually com *784 pleted her case-in-chief, after the testimony of Acanda’s final witness, Public Health Trust moved for a directed verdict on the ground that Acanda had not served process on DFS in compliance with section 768.28(7). At the time of the motion, Acanda had not served process on DFS, and she perfected service the following morning before court resumed. The trial court did not rule immediately, but the court issued a written order after trial that denied the motion for directed verdict and several other motions.
Public Health Trust appealed to the Third District Court of Appeal and argued that the trial court should have granted the motion for directed verdict. In an opinion that focused almost exclusively on whether Acanda had completed her casein-chief at the time of the motion for directed verdict, the Third District disagreed with Public Health Trust and affirmed the judgment in favor of Acanda. Public Health Trust now challenges the district court’s ruling.
ANALYSIS
Of the eight issues raised by Public Health Trust for this Court’s consideration, the only one addressed by the Third District’s opinion — and the only one that we address here — is whether, under section 768.28(7), the timing of Acanda’s service of process on DFS was fatal to her negligence action. We note that in denying Public Health Trust’s motion for directed verdict, the trial court’s order did not address this issue in detail. For the reasons expressed below, where DFS was not a party to the cause of action and Public Health Trust failed to demonstrate prejudice, we conclude that the timing of Acanda’s service was not fatal to her negligence claim against Public Health Trust. We expressly reject both the argument that service of process on DFS was a condition precedent to Acanda’s cause of action and that proving service of process was an element of Acanda’s burden of proof.

Section 768.28(7), Florida Statutes (2005)

The applicable statute, section 768.28(7), is found in chapter 768 of the Florida Statutes, which governs the tort of negligence. Section 768.28 provides a limited waiver of sovereign immunity in negligence actions against the state, its agencies, or its subdivisions, and the subsections contained therein further relate to actions against such entities. Specifically, section 768.28(7) provides as follows:
768.28. Waiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees; statute of limitations; exclusions; indemnification; risk management programs.—
[[Image here]]
(7) In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Florida Space Authority, upon the Department of Financial Services; and the department or the agency concerned shall have 30 days within which to plead thereto.
§ 768.28(7), Fla. Stat. (2005).
Absent from this subsection is any language providing that service of process on DFS is a condition precedent to maintaining a cause of action, and we find this absence instructive in light of the preceding subsection, codified in section 768.28(6). In order for an action to be instituted “on a claim against the state or one of its agencies or subdivisions,” subsection (6)(a) requires that the agency and DFS be provided notice of the claim in writing and that the claim be denied by either the agency or DFS. Also, subsection (6)(a) requires that the notice be provided “within 3 years after such claim accrues.” Moreover, subsection (6)(b) expressly provides that “the requirements of notice to *785 the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action.” § 768.28(6)(b), Fla. Stat. (2005) (emphasis added). In Levine v. Dade County School Board, 442 So.2d 210, 212 (Fla.1983), we observed that “[sjection 768.28(6) clearly requires written notice to the department within three years of the accrual of the claim before suit may be filed against any state agency or subdivision except a municipality.”[2] Given the express requirement of notice in subsection (6), and the express statement that notice and denial of the claim are conditions precedent to maintaining a negligence cause of action, we find it instructive that subsection (7) does not further require service of process on DFS as a condition precedent to maintaining the cause of action. See Turner v. Gallagher, 640 So.2d 120, 122 (Fla. 5th DCA 1994) (“[Although section 768.28(6) imposes a deadline for the giving of notice, section 768.28(7) does not, on its own, establish any time limits for serving the Department of [Financial Services].”).
Moreover, we also conclude that under section 768.28(7), service of process on DFS is not an element of proof of a negligence cause of action. As a result, it was not a component of the burden that had to be proven by Acanda before she completed her case-in-chief. Although the Third District significantly focused on whether Acanda had completed her casein-chief at the time of Public Health Trust’s motion for directed verdict, we conclude that this was an improper inquiry. Here, we also look to subsection (6) for guidance. In addition to declaring as conditions precedent, one, that written notice of a claim must be provided, and two, that the claim must be denied, subsection (6) also provides that these requirements “shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.” We decline to add the proof of service of process on DFS to Acanda’s burden of proof where the Legislature has expressly provided that even the requirements in subsection (6) are not elements of a negligence cause of action.

Pleading Noncompliance with Section 768.28(7)

We emphasize that this opinion should not be construed to lessen a plaintiffs obligation to serve process on DFS as required by section 768.28(7). Yet, we also emphasize that where a defendant seeks to plead a plaintiffs noncompliance with this section, such noncompliance must be pled with specificity and particularity.[3] The defendant’s pleading must be sufficient to place the plaintiff on notice of its noncompliance with section 768.28(7) for failing to serve process on DFS, and the defendant must then properly raise the issue of noncompliance in a pretrial motion. We reject the use of noncompliance with section 768.28(7) as a “gotcha” tactic to dispose of potentially meritorious causes of action. Although we have more commonly condemned the practice of trial by surprise in the discovery context, see, e.g., Northup v. Acken, 865 So.2d 1267, 1270-71 (Fla.2004); Surf Drugs, Inc. v. Vermette, 236 So.2d *786 108, 111 (Fla.1970), we are equally concerned with such tactics in the pleading context. Causes of action should be decided on their merits, and not as the result of “surprise, trickery, bluff, and legal gymnastics.” Surf Drugs, 236 So.2d at 111.
CONCLUSION
Proof of service of process under section 768.28(7) is not an element of a negligence cause of action and is not a condition precedent to maintaining the cause of action. Therefore, where DFS was not a party to Acanda’s negligence action, and Public Health Trust failed to demonstrate that it was prejudiced by the timing of Acanda’s service on DFS, we find that the district court properly affirmed the trial court’s denial of the motion for directed verdict. However, although we approve the result, we disapprove the district court’s reasoning.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
POLSTON, J., concurs in result.

. Because the cause of action arose in 2005, the applicable statute is section 768.28(7), Florida Statutes (2005). Our analysis will be based on this statute.

. At oral argument on December 7, 2010, Public Health Trust conceded that Acanda complied with the notice requirements of subsection (6).

. Public Health Trust raised noncompliance with section 768.28(7) as an affirmative defense that Acanda failed to state a cause of action. We disagree with the manner in which this defense was pled because, as we have concluded, service of process on DFS is not an element of a negligence cause of action. Moreover, the argument is counterin-tuitive because service of process occurs after a complaint has been filed. Therefore, a plaintiff could not properly plead in the complaint that process has already been served.