PER CURIAM.
The issue we address is whether Florida Rule of Appellate Procedure 9.350 requires this Court to dismiss a case after we have accepted jurisdiction based on a question certified to be one of great public importance and after the petitioner has filed his initial brief on the merits.[1] This narrow question arose after the parties to this action filed a joint Stipulated Dismissal, which advised that they had settled this matter and stipulated to the dismissal of the review proceeding pending before this Court. It cannot be questioned that our well-established precedent authorizes this Court to exercise its discretion to deny the requested dismissal of a review proceeding, even where both parties to the action agree to the dismissal in light of an agreed-upon settlement. The question certified to us by the Fourth District Court of Appeal in this case transcends the individual parties to this action because it has the potential to impact the mortgage *928 foreclosure crisis throughout this state and is one on which Florida’s trial courts and litigants need guidance. The legal issue also has implications beyond mortgage foreclosure actions. Because we agree with the Fourth District that this issue is indeed one of great public importance and in need of resolution by this Court, we deny the parties’ request to dismiss this proceeding.
FACTS AND PROCEDURAL HISTORY
As conveyed by the Fourth District in the decision below, the plaintiffs and now respondents in this Court, the Bank of New York Mellon, et al. (BNY Mellon), commenced an action in the trial court to foreclose a mortgage against the defendant and now petitioner in this Court, Roman Pino. See Pino v. Bank of New York Mellon, 57 So.3d 950, 951 (Fla. 4th DCA 2011). Thereafter, Pino moved for sanctions, alleging that BNY Mellon had filed a fraudulent assignment of mortgage. Id. In response, BNY Mellon filed a notice of voluntary dismissal of the foreclosure action. Id. at 952. Five months later, BNY Mellon refiled an identical action to foreclose the same mortgage. Id. In the original, dismissed action, Pino filed a motion seeking to vacate the voluntary dismissal pursuant to Florida Rule of Civil Procedure 1.540(b)[2] on the grounds of fraud on the court and requesting dismissal of BNY Mellon’s newly filed action as a consequent sanction. Pino, 57 So.3d at 952. The trial court denied Pino’s motion, essentially holding that because the prior action had been voluntarily dismissed, the court lacked jurisdiction, and thus the authority, to consider any relief. Id.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
The Fourth District, sitting en banc, affirmed the trial court’s denial of Pino’s motion to vacate BNY Mellon’s notice of voluntary dismissal. Id. In so affirming, however, the district court recognized that “this is a question of great public importance” since “many, many mortgage foreclosures appear tainted with suspect documents.” Id. at 954. Responding to Pino’s request to sanction BNY Mellon by denying it the equitable right to foreclose the mortgage at all, the district court observed that if this sanction were available after a voluntary dismissal, “it may dramatically affect the mortgage foreclosure crisis in this State.” Id. at 954-55. Consequently, the Fourth District certified the following question as one of great public importance:
DOES A TRIAL COURT HAVE JURISDICTION AND AUTHORITY UNDER RULE 1.540(b), Fla. R. Civ. P., *929 OR UNDER ITS INHERENT AUTHORITY TO GRANT RELIEF FROM A VOLUNTARY DISMISSAL WHERE THE MOTION ALLEGES A FRAUD ON THE COURT IN THE PROCEEDINGS BUT NO AFFIRMATIVE RELIEF ON BEHALF OF THE PLAINTIFF HAS BEEN OBTAINED FROM THE COURT?
Id. at 955.
After the Fourth District certified this question, Pino filed a notice to invoke this Court’s discretionary jurisdiction to review the district court’s decision. Pursuant to our authority under article V, section 8(b)(4), of the Florida Constitution, we accepted jurisdiction. See Pino v. Bank of New York, 58 So.3d 261 (Fla.2011). Pino subsequently filed his initial brief on the merits. Prior to BNY Mellon serving its answer brief on the merits, the parties filed in this Court a joint Stipulated Dismissal pursuant to rule 9.850, advising that they had settled this matter and stipulated to its dismissal. For the reasons expressed below, we deny the parties leave to dismiss this review proceeding and exercise our discretion to retain jurisdiction over this cause.
ANALYSIS
Florida Rule of Appellate Procedure 9.350 provides the mechanism through which a party to an action may seek to dismiss an appeal prior to an appellate court’s decision on the merits. The rule provides in pertinent part:
(a) Dismissal of Causes When Settled. When any cause pending in the court is settled before a decision on the merits, the parties shall immediately notify the court by filing a signed stipulation for dismissal.
(b) Voluntary Dismissal. A proceeding of an appellant or petitioner may be dismissed before a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal. ...
Fla. R.App. P. 9.350(a)-(b). The language of this rule does not impose upon the appellate court a mandatory obligation to dismiss a case following the filing of a notice of dismissal before a decision on the merits has been rendered. Rather, this Court has long recognized its discretion to retain jurisdiction over a matter and proceed with an appeal notwithstanding a litigant’s timely filing of a notice of dismissal pursuant to rule 9.350, especially when the matter involves one of great public importance and is likely to recur. See Gregory v. Rice, 727 So.2d 251, 252 n. 1 (Fla.1999) (“Mootness does not destroy this Court’s jurisdiction when the questions raised are of great public importance or are likely to recur.”).
For example, in Holly v. Auld, 450 So.2d 217 (Fla.1984), this Court addressed the merits of a question certified to be of great public importance even after the respondent settled with the petitioners and the respondent’s attorney filed a suggestion of mootness with this Court. Id. at 218 n. 1. Notably, the respondent’s attorney never filed a brief in opposition. Id. at 221 (Ehrlich, J., dissenting). Framing the issue as one of mootness, the Court stated that “[i]t [was] well settled that mootness does not destroy an appellate court’s jurisdiction ... when the questions raised are of great public importance or are likely to recur.” Id. at 218 n. 1 (majority opinion) (citing Pace v. King, 38 So.2d 823 (Fla.1949); Tau Alpha Holding Corp. v. Bd. of Adjustments, 126 Fla. 858, 171 So. 819 (1937)). Given that the district court properly certified its question as one of great public importance, and noting that the situation at issue would occur again, this Court retained jurisdiction and addressed the merits of the case despite the parties’ settlement of the matter. Id.
*930 Similarly, in State v. Schopp, 653 So.2d 1016 (Fla.1995), this Court held that “[e]ven where a notice of voluntary dismissal is timely filed, a reviewing court has discretion to retain jurisdiction and proceed with the appeal.” Id. at 1018. We expressly rejected the appellant’s argument that since his rule 9.350(b) notice of voluntary dismissal was filed before the district court of appeal’s decision became final, his appeal had to be dismissed as a matter of right. Id. Importantly, we noted this Court’s power to retain jurisdiction where the case presents a question of public importance. Id.
In yet another instance, this Court in Bell v. U.S.B. Acquisition Co., 734 So.2d 403 (Fla.1999), ruled upon an issue of great public importance even after noting that the parties had settled their claims and filed a joint stipulation of dismissal in this Court. Id. at 405 n. 1. Deciding the merits of the case notwithstanding the parties’ settlement and joint stipulation of dismissal, this Court held: “As we have done in the past, we exercise our discretion to retain jurisdiction in this case because we consider this issue to be of great public importance.” Id.; see also Enter. Leasing Co. v. Almon, 559 So.2d 214, 215 n. * (Fla.1990) (retaining jurisdiction in order to resolve the conflict issue presented after the parties settled and stipulated to the dismissal of the case prior to the scheduled oral argument); Ervin v. Capital Weekly Post, Inc., 97 So.2d 464, 466 (Fla.1957) (retaining jurisdiction to consider issue of public importance where appellees sought dismissal prior to initial decision).[3]
In the present case, it is true that the parties have filed a notice of stipulated dismissal pursuant to rule 9.350 notifying this Court that this matter has been settled. Although the issues underlying this litigation may be moot as to the parties involved, our precedent clearly establishes that mootness does not defeat appellate jurisdiction, and a reviewing court has the discretion to retain jurisdiction over a case to decide the merits notwithstanding a notice of dismissal filed by the parties denoting a settlement of their dispute.
At issue in this case is whether the plaintiff in a mortgage foreclosure action (here, BNY Mellon) may be subject to sanctions for filing what is alleged to be a fraudulent assignment of mortgage where the plaintiff filed a notice of voluntary dismissal before the trial court had the opportunity to rule on the motion for sanctions. As reflected above, the Fourth District certified this issue to be one of great public importance, and in doing so, noted that “many, many mortgage foreclosures appear tainted with suspect documents” and that Pino’s requested remedy, if imposed, “may dramatically affect the mortgage foreclosure crisis in this State.” Pino, 57 So.3d at 954-55. The issue also has broader implications and presents questions outside of the mortgage-foreclosure context. Moreover, Pino, the petitioner to the instant review proceeding, has already filed his initial brief on the merits in this Court.
Consistent with the rationale undergird-ing our prior precedent, we conclude that these circumstances fully support this Court’s decision to exercise its discretion to retain jurisdiction over and decide the merits of this important case. To adopt the dissent’s interpretation of rule *931 9.350(a) — that the act of the parties’ stipulation for dismissal is binding on the Court — would require us to recede from our past decisions recognizing just the opposite. Instead, we adhere to our precedent and, accordingly, exercise our discretion to deny the parties leave to dismiss this review proceeding.
It is so ordered.
PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, C. J. dissents with an opinion, in which QUINCE and POLSTON, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. Rule 1.540(b) provides in pertinent part:

. In fact, we just recently declined to dismiss a case where the parties settled their dispute after oral argument but before we reached a decision on the merits and issued an opinion. See Public Health Trust of Miami-Dade Cnty. v. Acanda, 71 So.3d 782 (Fla.2011); Public Health Trust of Miami-Dade Cnty. v. Acanda, 71 So.3d 782 (Fla.2011) (denying the parties’ request to dismiss the review proceeding).