[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10806
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00350-MW-CAS


MOSI WILLIAMS,

Plaintiff-Appellant,

versus

BETSY BECKER,
Dr,

Defendant,

FLORIDA STATE UNIVERSITY,
Board of Trustees,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 26, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Mosi Williams appeals *pro se* the summary judgment in favor of Florida State University and against Williams's complaint about breach of contract, misleading advertising, deceptive and unfair trade practices, and negligence in violation of state law. Williams alleged that the University advertised a doctorate program in sports psychology with an option to "respecialize" in counseling; after he completed two years of the sports psychology program, he learned that the University had "terminated" the "respecialization" program and he had to apply to the "combined counseling and school psychology program"; and, after the University refused "several times" to admit him to the combined program, he enrolled elsewhere to "pursue licensure as a psychologist." The University moved for summary judgment based on state sovereign immunity. The district court ruled that the University was immune from liability for Williams's claim of breach of contract and that Williams failed timely to notify the University of his claims in tort as required for a waiver of state sovereign immunity. We affirm.

We review *de novo* a summary judgment based on sovereign immunity and view the evidence in the light most favorable to the nonmovant. *Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir. 1992). Summary judgment should be entered when

the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The district court did not err when it entered summary judgment in favor of the University and against Williams's claim of breach of contract. Williams alleged that the University breached its contract to provide an "opportunity to pursue a doctoral degree in Sports Psychology with the respecialization in Counseling and School Psychology" and to "be accepted to the Combined PhD program." The University, as part of the public university system of Florida, enjoys state sovereign immunity from contractual liability unless the action is based on an "express, written contract[] into which the state agency has statutory authority to enter," *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 6 (Fla. 1984). *See Cnty. of Brevard v. Miorelli Eng'g, Inc.*, 703 So. 2d 1049, 1051 (Fla. 1997) (concluding that sovereign immunity barred recovery for work not mentioned in a written contract); *S. Roadbuilders, Inc. v. Lee Cnty.*, 495 So. 2d 189, 190 (Fla. Dist. Ct. App. 1986) (same). Williams failed to produce an "express, written contract" between himself and the University. Williams argues that his "Program of Study" constituted a contract, but the document does not require the University to admit Williams to a "respecialization" program or a combined doctorate program. Williams's claim for breach of contract is barred by the doctrine of sovereign immunity.

3

The district court also did not err when it entered summary judgment in favor of the University and against Williams's claims in tort. The State of Florida, "for itself and for its agencies or subdivisions, . . . waives sovereign immunity for liability for [certain] torts," Fla. Stat. § 768.28(1), but "[a]n action may not be instituted on a claim . . . unless the claimant presents the claim in writing to the appropriate agency, and . . . to the Department of Financial Services within 3 years after such claim accrues," *id.* § 768.28(6)(a). Compliance with the notice requirement is a "condition[] precedent to maintaining an action." *Id.* § 768.28(6)(b); *see Pub. Health Trust of Miami-Dade Cnty. v. Acanda*, 71 So. 3d 782, 784–85 (Fla. 2011). Williams's claims about misleading advertising, deceptive trade practices, and negligence concerned his inability to respecialize and the refusal of the University to admit him to the combined psychology program. Those claims accrued on November 2, 2009, when Williams received a letter stating that the University had denied his request for reconsideration for admission to the combined program and that the decision was "final and there shall be no further appeals." Williams submitted an affidavit stating that he provided notice to the University in 2013, several months after the statutory deadline expired. Williams argues that his claims accrued in December 2010 when the University dismissed him from the sports psychology doctoral program, but that event is unrelated to his ability to respecialize or obtain a combined degree from

4

the University. Williams failed to comply with the condition prerequisite to give timely notice to obtain a waiver by the State of its sovereign immunity from damages allegedly attributable to officials of the University.

We **AFFIRM** the summary judgment in favor of the University.