CANADY, J.,
dissenting.
I dissent from the majority’s disapproval of the stipulation for dismissal. The parties are entitled to a dismissal because they filed a stipulation for dismissal under Florida Rule of Appellate Procedure 9.350(a) before this Court issued a decision on the merits. I adhere to my view that a stipulation for dismissal filed under rule 9.350(a) before a decision on the merits is not subject to disapproval:
Florida Rule of Appellate Procedure 9.350(a) provides that “[w]hen any cause pending in the court is settled before a decision on the merits, the parties shall immediately notify the court by filing a signed stipulation for dismissal.” The rule does not appear to contemplate that such a stipulation for dismissal is subject to disapproval by the Court. The very designation “stipulation for dismissal”— as opposed to “motion for dismissal”— suggests that the act of the parties is dispositive. The committee note to the rule recognizes that dismissal of the ease is the clerk’s ministerial duty: “On the filing of a stipulation of dismissal, the clerk of the court will dismiss the case as to the parties signing the stipulation.”
Pino v. Bank of New York, 76 So.3d 927, 931 (Fla. 2011) (Canady, C.J., dissenting) (alteration in original).
The decision of the majority here, which can have no impact on this settled case, is a purely advisory opinion. Our job is to decide live controversies presented by the parties to a case that is before us. It is not to opine on the issues in a case that has been settled and that the parties have agreed should be dismissed.
POLSTON, J., concurs.