EISNAUGLE, J., concurring in part and dissenting in part.
I agree that we should strike the award of attorney's fees due to a lack of competent substantial evidence and reverse the award of interest accruing prior to November 2010 because Appellee failed to plead for that relief.
However, "the cardinal principle of judicial restraint-if it is not necessary to decide more, it is necessary not to decide more-counsels us to go no further." PDK Labs. Inc. v. U.S. D.E.A. , 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment). Although I find no error in the majority's substantive analysis receding from Velden v. Nationstar Mortgage, LLC , 234 So.3d 850 (Fla. 5th DCA 2018), I dissent from that part of the opinion because it is not only unnecessary, it is irrelevant to our disposition in this case.
To illustrate the point, if we decided the interest issue on statute of limitations grounds after receding from Velden , we would affirm the award instead of reverse. As such, this portion of the majority's opinion goes beyond resolving the controversy between the parties and is in the nature of an advisory opinion. See Dep't of Rev. v. Kuhnlein , 646 So.2d 717, 721 (Fla. 1994) ("[T]he parties must not be requesting an advisory opinion, except in those rare instances in which advisory opinions are authorized by the Constitution." (citations omitted) ).
We should not bend principles of restraint in the name of correcting an errant decision. Instead, we should balance both responsibilities by waiting for a case in which the issue is ripe for decision. As Justice Canady has observed, "[u]nder the Florida Constitution, [Florida courts do] not have the power to reach out and grab cases that we deem worthy of our attention." Pino v. Bank of N.Y. , 76 So.3d 927, 931 (Fla. 2011).
GROSSHANS, J., concurs.